IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TIMOTHY ALLEN GILBERT, | ) |
| | )    Civil Action No. 7:16CV00200 |
|     Plaintiff, | ) |
| | )    **MEMORANDUM OPINION** |
| v. | ) |
| | )    Hon. Glen E. Conrad |
| LT. HAYES, SWVRJA, | )    Chief United States District Judge |
| | ) |
|     Defendant. | ) |

Timothy Allen Gilbert, a former inmate at the Southwest Virginia Regional Jail in Duffield, Virginia, commenced this action by filing a pro se complaint on April 27, 2016. Gilbert has not paid the filing fee but will be granted leave to proceed in forma pauperis for the purpose of initial review of his complaint. For the following reasons, the court concludes that the action must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Background

The allegations set forth in Gilbert's submissions are sparse. Gilbert alleges that his brother died while he was incarcerated at the jail. When family members attempted to contact Gilbert "to get [him] out on furlough," they were told that Gilbert could not be located. Gilbert did not find out about his brother's death until three days after his brother was buried. Because his "opportunity for any visitation or [to attend the] funeral is forever gone," Gilbert "feel[s] that [his] rights were violated."

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.

2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true, and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

Because Gilbert characterizes his cause of action as one for violation of his rights, the court construes his complaint as being brought pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege sufficient facts to establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed Gilbert's complaint, the court concludes that his allegations fail to satisfy the first element. Although Gilbert states that this action is one for violation of his "rights," he does not identify which constitutional rights were violated as a result of not being timely advised

2

of his brother's death or allowed to attend the funeral. To the extent Gilbert claims that he should have been released on furlough, courts have repeatedly held that "[i]nmates have no specific constitutional right to a furlough, whether for visitation of a sick relative or for the attendance of a family funeral." Oquinn v. Baker, No. 7:07CV00494, 2007 U.S. Dist. LEXIS 82698, at *11 (W.D. Va. Nov. 7, 2007); see also Chambers-Scott v. Baskerville, No. 7:14CV00599, 2015 U.S. Dist. LEXIS 15009, at *4 (W.D. Va. Feb. 9, 2015); Jones v. Safrit, No. 5:14-CT-3230-D, 2015 U.S. Dist. LEXIS 65365, at *3 (E.D.N.C. May 19, 2015) (collecting cases). Consequently, while the court sympathizes with Gilbert's distress over the loss of his brother and his inability to grieve with family members, his allegations do not state a plausible claim for relief under § 1983.

## Conclusion

For the reasons stated, the court will grant Gilbert leave to proceed in forma pauperis. However, his complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 28th day of April, 2016.

                                       /s/ Glen E. Conrad
                                 Chief United States District Judge